IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


PAMELA HOUSE                                                          PLAINTIFF


v.                              Case No. 6:16-cv-6045


**PLD TRANSPORT, INC.**; **TERRY LYNN LUCY**,
Individually and as Officer and Director of
PLD TRANSPORT, INC.; and **HENRY LEE LUCY**,
Individually and as Officer and Director of
PLD TRANSPORT, INC.                                                  DEFENDANTS


## ORDER

Before the Court is a Motion for Costs and Attorneys' Fees filed by Plaintiff Pamela House ("Plaintiff"). ECF No. 29. Defendants PLD Transport, Inc.; Terry Lynn Lucy; and Henry Lee Lucy (collectively, "Defendants") have filed a response to the motion. ECF No. 34. The Court finds this matter ripe for its consideration. Based on the reasons explained below, Plaintiff's motion is granted in part and denied in part.

## I. BACKGROUND

The factual and procedural history of this case, as well as the evidence presented at the bench trial of Plaintiff's claims, are described in detail in the Findings of Facts and Conclusions of Law issued by the Court on January 13, 2018. *See* ECF No. 29. Thus, the Court's prior determinations are presumed to be known by the parties. The Court will, however, recall a few facts to provide context for the instant motion.

On May 12, 2016, Plaintiff filed the present action pursuant to the provisions of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* Plaintiff, who worked as a payroll clerk at Defendants' freight shipping company, alleged that Defendants interfered with her rights under

the FMLA by terminating her employment while she was taking FMLA-protected leave. On August 7, 2017, the undersigned conducted a one-day bench trial wherein the parties presented testimony and submitted exhibits into evidence. Following the bench trial, the Court allowed the parties to submit simultaneous post-trial briefs on August 28, 2017. *See* ECF Nos. 26, 27.

After a review of the trial record and the parties' briefs, the Court found in favor of Plaintiff on her FMLA interference claim. The Court awarded Plaintiff damages in the amount of $55,973.86. Specifically, the Court awarded Plaintiff $27,986.93 in lost wages and benefits, as well as liquidated damages in the amount of $27,986.93. The Court also found that, pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff was entitled to an award of reasonable attorneys' fees and costs and invited Plaintiff to submit a fee application so that the Court could determine the amount of fees to be awarded.

On February 6, 2018, Plaintiff filed the instant motion seeking recovery of $36,047.33 in attorneys' fees and costs. Specifically, Plaintiff requests an award of $34,864.25 in fees and $1,183.08 in costs. In support of the motion, Plaintiff has submitted the declaration of lead counsel, Josh Sanford, as well as the time records of Mr. Sanford, three other attorneys, a law clerk, and staff that worked on this case. On February 27, 2018, Defendants filed a motion challenging the amount of the attorneys' fees requested by Plaintiff, arguing that "[t]he amount of hours and fees requested do not reflect the realities or scope of the case and are tantamount to a windfall to Plaintiff's counsel." ECF No. 34, p. 1. With this background in mind, the Court will proceed to the merits of the instant motion.

## II. DISCUSSION

The FMLA provides that the Court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee . . . and other costs of the action to be paid by the

defendant." 29 U.S.C. § 2617(a)(3). Under the FMLA, an award of reasonable attorneys' fees is not left to the Court's discretion because, "[u]nlike most other statutory fee-shifting provisions, section 2617 *requires* an award of attorneys' fees to the plaintiff when applicable." *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008) (emphasis in original). An award of reasonable costs to the prevailing party is also mandatory under the FMLA. *See Marez v. Saint-Gobain Containers, Inc.*, No. 4:09CV999MLM, 2011 WL 1930706, at *14 (E.D. Mo. May 18, 2011), *aff'd*, 688 F.3d 958 (8th Cir. 2012).

Although the fee award is mandatory, the Court has discretion to determine the amount of attorneys' fees and costs to be awarded. *See Dollar v. Smithway Motor Xpress, Inc.*, No. C09-3043-MWB, 2011 WL 13138108, at *1 (N.D. Iowa June 16, 2011) (citing *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 303 (4th Cir. 2009)). The lodestar method is the starting point in analyzing the appropriateness of the attorneys' fees to be awarded under § 2617(a)(3). *See Dotson v. Pfizer, Inc.*, 558 F.3d 284, 303 (4th Cir. 2009); *Clements v. Prudential Protective Servs., LLC*, 659 F. App'x 820, 825 (6th Cir. 2016). Under this familiar method, the lodestar "is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates" in the relevant community. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). After calculating the lodestar, a district court may consider other factors to determine whether the lodestar amount should be adjusted upward or downward.[1] *Scroggin v. Credit Bureau of Jonesboro, Inc.*, 973 F. Supp. 2d 961, 982 (E.D. Ark. 2013) (citing *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012)).

---

[1] Such factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorneys' preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

## A. Attorneys' Fees

The individuals that worked on the case, their hourly rates, the number of hours they billed, and the amount billed are as follows:

| Name | Hourly Rate | Hours Billed | Amount Billed |
|------|-------------|--------------|---------------|
| Staff | $60.00 | 0.80 | $48.00 |
| Josh West | $200.00 | 115.40 | $22,981.00 |
| Law Clerk | $75.00 | 1.70 | $127.50 |
| Sean Short | $150.00 | 1.40 | $210.00 |
| Josh Sanford | $315.00 | 31.85 | $10,010.25 |
| Rebecca Matlock | $175.00 | 8.50 | $1,487.50 |

With regard to the hourly rates proposed by Plaintiff's counsel, the Eighth Circuit has explained that "[a]lthough a counsel's customary rate might be some evidence of a reasonable rate, it is not controlling." *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (citation omitted). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Id.* (citation and quotations omitted). "The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended." *Scroggin*, 973 F. Supp. 2d at 983 (citing *Hensley*, 461 U.S. at 433)).

In the present case, the Court finds that the hourly rates billed are excessive and should be reduced accordingly. The Court acknowledges that Mr. Sanford and his firm are accomplished trial attorneys, particularly with regard to labor and employment law matters. However, the issues litigated in this case were not particularly complex or novel. Essentially, the sole issue litigated in this matter concerned whether a letter dated April 20, 2016, constituted an offer of restatement.

The Court further notes that Mr. Sanford's declaration primarily bases the requested rates on his firm's experience in litigating cases pursuant to the Fair Labor Standards Act ("FLSA"), a different statute than the one at issue in this case. The Court, thus, finds that Plaintiff's counsel should not expect to command the same hourly rate in this matter as they would receive in an FLSA action. Accordingly, the Court finds that rates of $270 per hour for Mr. Sanford, $150 per hour for his associate attorneys, and $50 per hour for his support staff and law clerk are reasonable given the prevailing market rates, as well as the issues presented and the work performed in this case.

Next, the Court turns its attention to a review of the billing records submitted by Plaintiff's counsel. Defendants argue that the hours expended by Plaintiff's counsel are "unreasonably high, excessive, duplicative in many respects, not recoverable at all in some respects" and, accordingly, ask the Court to "dramatically" reduce the number of hours billed. ECF No. 34, p. 3.

"The onus is on the party seeking the award to provide evidence of the hours worked." *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003) (citing *Hensley*, 461 U.S. at 433). "The district court should exclude hours that were not reasonably expended." *Id*. When analyzing the reasonableness of the hours expended, "the district court may consider the time and labor required, the novelty and difficulty of the issues, and whether all of the hours, including hours for depositions, were consequently warranted, and adjust the hours claimed accordingly." *Willis v. Smith*, No. C 04-4012-MWB, 2006 WL 141878, at *2 (N.D. Iowa Jan. 18, 2006) (citing *Wheeler*, 461 U.S. at 754).

After a review of the billing records, the Court concludes that a reduction of the hours expended by Plaintiff's counsel is warranted, as numerous entries are either excessive or duplicative. As previously stated, the issues litigated in this action were not particularly novel or complex. The Court, therefore, finds the following number of hours to be reasonable in light of

the straightforward nature of the action: 26.2 for Josh Sanford; 86.85 for Josh West; 6.7 for Rebecca Matlock; 1.2 for Sean Short; 0.8 for staff; and 1.70 for the law clerk. In sum, the Court finds that Plaintiff should be awarded a total of $21,411.50 in attorneys' fees.

**B. Costs**

As previously stated, an award of costs to the prevailing party is mandatory under the FMLA. *See* 29 U.S.C. § 2617(a)(3). Plaintiff has requested a reimbursement of $1,183.08 in costs associated with this action. Defendant does not appear to contest any of the requested costs, and the Court finds the amount requested to be reasonable. Accordingly, Plaintiff is awarded $1,183.08 in costs.

## III. CONCLUSION

For the reasons explained above, the Court finds that Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 29) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court hereby awards Plaintiff attorneys' fees in the amount of $21,411.50 and costs in the amount of $1,183.08.

**IT IS SO ORDERED**, this 1st day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge